UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TAG EDWARD ALTHOF,

        Plaintiff,        6:12-cv-00091-AA

    v.                      ORDER

MICHAEL F. GROWER,

        Defendants.

Aiken, District Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his Eighth Amendment rights by using excessive force to restrain him during a prison escort. Plaintiff seeks money damages and prospective injunctive relief in the form of an order "requiring defendants to not subject plaintiff or anyone else, in the future, to excessive use of force, intentional infliction of pain or deliberate indifference." Complaint (#2) p. 13.

1 - ORDER

Defendants now move for summary judgment (#159).

The relevant facts are as follows: On September 22, 2010, Corporals Kittleson and Hinkle were assigned to escort plaintiff from the Disciplinary Segregation Unit to the Special Management Unit building at OSP for transport to EOCI.

After applying wrist restraints, Corporals Kittleson and Hinkle removed plaintiff from his cell and escorted him from the building. As they were removing him off the tier, plaintiff kept stopping to talk to other inmates, which is prohibited during an escort. Kittleson and Hinkle verbally ordered plaintiff to stop talking and continue walking. Toward the end of the tier, plaintiff turned towards Corporal Hinkle - which is also prohibited. Corporal Kittleson placed plaintiff against the wall and told him not to turn towards staff.

Immediately after leaving the building, plaintiff tried to break away from Corporals Kittleson and Hinkle. Corporal Hinkle then placed plaintiff on the ground. Officer Blachly responded to the scene and applied leg restraints.

After applying leg restraints, Kittleson and Blachly assisted plaintiff to his feet by placing their arms under his armpits and lifting him as he pushed up with his legs.

Plaintiff was then escorted from the DSU building to the SMH building in a "bent over" position, because he was

2 - ORDER

resisting and attempting to pull away. When plaintiff arrived at the SMH intake, a nurse checked plaintiff for injuries and found superficial abrasions on his left ankle and a single abrasion on plaintiff's right ankle. Plaintiff was given Neosporin ointment and gauze padding was placed on his ankle.

<u>Respondeat superior</u>: To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation. <u>Ashcroft v. Iqbab</u>, 129 S.Ct. 1937 (2009).

It is well settled that <u>respondeat superior</u> is not a proper basis for liability under 42 U.S.C. § 1983. Absent an allegation that the named state officials were personally involved in the alleged deprivation of constitutional rights, a complaint under 42 U.S.C. § 1983 does not state a claim. A supervisor may be liable based on his or her personal involvement in the alleged deprivation, or if there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation, <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989), citing <u>Ybarra v. Reno Thunderbird Mobile Home Village</u>, 723 F.2d 675,

3 - ORDER

680-81 (9th Cir. 1984).

Plaintiff has not alleged that defendants Gower, Premo or Yoder personally participated in the excessive force he alleges or any facts that would subject these defendants to liability on a theory of *respondeat superior*.

Plaintiff seeks to hold defendants Grower, Premo and Yoder liable because "they failed to remedy the wrong." Response (#178) p. 3. Plaintiff's allegation in this regard is insufficient to state a claim for § 1983 liability. See, Tyson v. Oregon Dept. Of Corrections, 347 Fed. Appx. 347 (9th Cir. 2012) (affirming summary judgment for supervisory defendant in excessive force case because he did not personally participate in any constitutional violation).

Eighth Amendment: The Eighth Amendment proscribes punishments which involve the "unnecessary and wanton infliction of pain," are grossly disproportionate to the severity of the crime for which the inmate was imprisoned, or are totally without penological justification. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Gregg v. Georgia, 428 U.S. 153, 173 (1976).

In order to establish liability under the Eighth Amendment, a plaintiff must prove two distinct components: 1.) that the plaintiff actually suffered an extreme deprivation or was placed at a substantial risk of suffering a significant

4 - ORDER

injury; and 2) that the defendants acted with a sufficiently culpable state of mind (deliberate indifference). Wilson v. Sieter, 501 U.S. 294, 298 (1991); LeMaire v. Mass, 12 F.3d 1444, 1451 (9th Cir. 1993); May v. Bladwin, 109 F.3d 557, 565 (9th Cir. 1997).

When considering a claim that excessive force was used in violation of the Eighth Amendment, "the core judicial inquiry is * * * whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The relevant analytical factors are: (1) the need for application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible official on the basis of facts known to them; and (any efforts made to temper the severity of the forceful response. Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003) (quoting Hudson, 503 U.S. at 7). In considering use of force measures, courts should afford prison officials "wide-ranging deference in the adoption and execution of polices and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. Whitly v. Albers, 475 U.S. 312, 321-22 (1986).

5 - ORDER

In this case, plaintiff's actions of turning toward an escorting officer and trying to break free from an escort was a security threat to the institution and escorting officers. The amount of force used was necessary and reasonable under the circumstances and no more than necessary to subdue plaintiff and maintain order. The amount of force was authorized by and within the parameters of appropriate prison regulations which are entitled to "wide-ranging deference." There are no facts which would indicate that defendants acted maliciously or sadistically. Under these circumstances, defendants' use of did not violate plaintiff's rights under the Eighth Amendment.

In addition, the Eighth Amendment does not apply to every deprivation or even every unnecessary deprivation, suffered by a prisoner, but only that narrow class of deprivation or "serious injury inflicted by prison officials acting with a culpable state of mind." <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992).

There is a *de minimis* level of imposition with which the Constitution is not concerned. <u>Ingraham v. Wright</u>, 430 U.S. 651, 674 (1977). Extreme deprivations are required to make out a conditions of confinement claim. Because routine discomfort is "part of the penalty that criminal offenders pay for their offense against society," only those deprivations

6 - ORDER

denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, supra, at p. 8-9, *quoting* Rhodes v. Chapman, supra at 347 and Wilson v. Seiter, supra at 298.

In this case plaintiff alleges that he incurred injuries in the form of surface wounds to his ankles, shoulder pain, and mental damages in the form of anxiety, stress and duress. Complaint (#2) p. 13. These injuries are most accurately characterized as *de minimis* and do not rise to the level of serious injury or extreme deprivation necessary to support an Eighth Amendment violation.


Qualified immunity: Even if defendants Kittleson and Blachly's alleged conduct did in some way implicate plaintiff's constitutional rights, I find that they are immune from liability to plaintiff under the doctrine of qualified immunity.

The doctrine of qualified immunity protects "government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v.

7 - ORDER

Fitzgerald, 457 U.S. 800, 818 (1982). While public officials are thus generally protected from civil liability under the doctrine, the defense will fail where their actions violate law that is clearly established, because "a reasonably competent public official should know the law governing his conduct." Id. at 819. "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law..'" Hunter v. Bryant, 502 U.S. 224 (1991) (quoting Malley v. Briggs, 475 U.S. 335341 (1986).

Until recently courts considering an official claim of qualified immunity followed the two-step protocol established in *Saucier v. Katz*, 533 U.S. 194 (2001), which required the court first to determine whether the defendant violated a constitutional right and then to determine whether that right was clearly established. See, *Pearson v. Callahan*, 555 U.S. 223 (2009) (overturning *Saucier* in part). In *Pearson v. Callahan*, the Supreme Court reversed this earlier rule and gave courts discretion to grant qualified immunity on the basis of the "clearly established" prong alone, without deciding in the first instance whether any right had been violated. *Id.* Thus, we may grant qualified immunity if 'the facts that a plaintiff has alleged or shown [do not] make out a violation of a constitutional right' or if 'the right at

8 - ORDER

issue was [not] clearly established at the time of the defendant's alleged conduct.' *Id.* at 816, 818 (internal citations omitted). *See also*, James v. Rowlands, 606 F.3d 646 (9th Cir. 2010).

As discussed above, defendants' conduct in this case did not violate plaintiff's constitutional rights. In any event it would not "be clear" to a reasonable correctional officer that using minimal statutorialy authorized reactive force to subdue a resisting inmate who had lunged at an officer during a prison escort would violate that inmate's constitutional rights. Therefore, defendants Kittleson and Blachly are immune from liability to plaintiff.

<u>Injunctive relief:</u> Plaintiff seeks injunctive relief in the form of an order "requiring defendants not to subject plaintiff or anyone else, in the future, to excessive use of force, intentional infliction of pain or deliberate indifference." Complaint (#2) p. 13.

In order to be entitled to injunctive relief, plaintiff must establish "a likelihood of substantial and immediate injury," including a "real or immediate threat that [he] will be wronged again." City of Los Angeles v. Lyon, 461 U.S. 95, 111 (1983).

The record before the court indicates that plaintiff sustained minor injuries as a result of a single incident of

9 - ORDER

his resistence during a routine prison escort. Plaintiff has not alleged any facts that would establish "a real or immediate threat" that he will be "wronged" again by defendants conduct. In addition, plaintiff's requested injunctive relief impermissibly extends beyond that which is "necessary to correct" the alleged violation of rights at issue in plaintiff's complaint. See, 18 U.S.C. § 3626(a)(1).

Based on the foregoing, defendants' Motion for Summary Judgment (#159) is allowed. The Clerk of the Court is directed to enter a judgment dismissing this action.

IT IS SO ORDERED

*Any appeal from this order or judgment dismissing this case would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status is hereby revoked.*

DATED this 3rd day of March, 2015.

                                            */s/ Ann Aiken*
                                            Ann Aiken
                                            United States District Judge